UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID L. BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 09-CV-0466-CVE-TLW |
| ) | |
| **J.D. EPPLER, RAY WILLARD, JANE DOE,** ) | |
| **JANET DOE, and METROPOLITAN TULSA** ) | |
| **TRANSIT AUTHORITY,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court are Defendants' Motion for Summary Judgment (Dkt. # 39) and Plaintiff's Amended Application to Extend Deadline to Add Parties and Amend Pleadings (Dkt. # 42).[1] Plaintiff David L. Brown, appearing pro se, alleges that defendants violated his due process and equal protection rights by removing and banning him from Metropolitan Tulsa Transit Authority (MTTA) busses. Dkt. # 1, at 1. Brown also alleges that the MTTA has an established policy and custom of harassing and intimidating African-American and Native American passengers. Brown is an African-American male. The remaining defendants in this case are two Caucasian male MTTA employees, J.D. Eppler and Ray Willard, and two unnamed female employees, Jane and Janet Doe (collectively, the employee defendants) and the MTTA.[2] The Court held an evidentiary hearing on

---

[1] Brown filed an initial Application to Extend Deadline to Add Parties and Amend Pleadings (Dkt. # 34), in which Brown stated that he had not consulted with defendants' attorneys regarding the requested extension. The Court ordered Brown to supplement his application with a statement of objection. Dkt. # 35. Brown then filed an Amended Application to Extend Deadline to Add Parties and Amend Pleadings (Dkt. # 42). Brown's initial pleading is, therefore, moot.

[2] In an Opinion and Order dated October 14, 2009 (Dkt. # 18), the Court granted defendants' motion to dismiss in part and denied it in part. The Court dismissed all of Brown's claims except for his claims against MTTA and the employee defendants under 42 U.S.C. § 1983 for equal protection and due process violations.

Brown's request for a preliminary injunction, at which Brown and Willard testified. The Court denied Brown's request for a preliminary injunction. Dkt. # 25. Brown's appeal from that decision is pending.

Defendants ask the Court to grant summary judgment in their favor. They argue that they are entitled to summary judgment because Brown's claims are time-barred under the applicable statute of limitations and because the undisputed facts show that Brown was banned from MTTA busses for a non-discriminatory reason. Brown disagrees.

## I.

This dispute arises out of an incident on an MTTA bus on or about April 5, 2007. Preliminary Injunction Hearing Transcript, Dkt. # 30, at 5. Brown alleges that defendant Jane Doe and her supervisor Janet Doe threatened to have him arrested if he did not exit the bus. Dkt. # 1, at 3-4. Brown testified that he did nothing to warrant being removed from the bus. Dkt. # 30, at 10. However, Brown also testified that he called the bus driver a "nappy-haired whore" as he exited the bus. Id. at 11. Brown testified that he called the MTTA to file a grievance regarding this incident, but that nothing was done. Dkt. # 30, at 12. It is undisputed that Brown was subsequently banned from MTTA busses, id. at 17-18, 77, although he has been able to board some busses even while banned, id. at 19-20.

Defendant Willard, the manager of security for the MTTA, testified that Brown was banned from MTTA busses for arguing with bus drivers and being intoxicated on the bus. Dkt. # 30, at 77. Brown disputes Willard's testimony, and alleges that he was banned from MTTA busses pursuant to a policy of racial discrimination. He also alleges that the MTTA does not have a process in place through which passengers can file grievances or contest being banned from busses, and that this violates his due process rights.

Brown filed a petition in state court on April 3, 2009. Dkt. # 39-2. The state court judge dismissed his petition for lack of jurisdiction on May 20, 2009. Dkt. # 39-3. Brown then filed a complaint in this Court on July 17, 2009. Dkt. # 1.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review,

3

the Court draws "all justifiable inferences," id. at 254, and construes the record in the light most favorable, Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998), to the party opposing summary judgment.

### III.

Defendants seek summary judgment on two grounds. They argue that Brown's claims are barred by the statute of limitations and, alternatively, that the undisputed facts show that Brown was banned from MTTA busses for a legitimate, nondiscriminatory reason. The Court will address these arguments separately.

A.   <u>Statute of Limitations</u>

Brown brings his claims under 42 U.S.C. § 1983. Section 1983 does not contain its own statute of limitations. "The statute of limitations [for a § 1983 claim] is drawn from the personal-injury statute of the state in which the federal district court sits." Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008) (citing Wilson v. Garcia, 471 U.S. 261 (1985)). The date on which a § 1983 cause of action accrues and the limitations period begins to run is a matter of federal law, while the tolling of that period is governed by state law. Id. (citing Wallace v. Kato, 549 U.S. 384 (2007)).

In this case, the applicable statute of limitations is Oklahoma's two-year statute of limitations for personal injury actions. OKLA. STAT. tit. 12, § 95(A)(3); see also, e.g., Price v. Philpot, 420 F.3d 1158, 1162 (10th Cir. 2005) (applying this statute of limitations to a § 1983 claim). That period begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Baker v. Bd. of Regents of Kan., 991 F.2d 628, 632 (10th Cir. 1993). However, Oklahoma law provides for tolling of the statute of limitations under certain circumstances:

4

> [i]f any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

OKLA. STAT. tit. 12, § 100. A dismissal for lack of jurisdiction is a dismissal "otherwise than upon the merits." See Williams v. Okla. Nat'l Stockyards Co., 577 P.2d 906, 907-08 (Okla. 1978) (holding that the tolling statute applied where the prior action was dismissed for lack of jurisdiction); Griesel v. Fabian, 84 P.2d 634, 635 (Okla. 1938) ("the prosecution of an action in good faith even before a court without jurisdiction serves to toll the statute and entitle a party to the benefits of the [tolling statute]").

Brown filed his state court petition on April 3, 2009. Dkt. # 39-2. This was within two years of the April 5, 2007 incident giving rise to his claims. Brown's state court petition was dismissed for lack of jurisdiction on May 20, 2009. Dkt. # 39-3. Because this was a dismissal "otherwise than upon the merits," see supra, the two-year statute of limitations on claims asserted in that complaint was tolled for an additional year. OKLA. STAT. tit. 12, § 100. Brown filed his complaint in this Court on July 17, 2009. Dkt. # 1. The remaining claims in that complaint are substantially similar to those asserted in his state court petition. Therefore, Brown's claims are not time-barred under Oklahoma's two-year statute of limitations.[3] Defendants are not entitled to summary judgment on this basis.

---

[3] Because the Court finds that Brown's claims are not time-barred, it need not address Brown's arguments regarding the continuing violation theory and the date on which his causes of action accrued. See Dkt. # 44, at 3-4.

B.  Genuine Issues of Material Fact

Defendants also argue they are entitled to summary judgment because "the record is clear that the reason for [Brown's] removal from a [MTTA] bus on April 5, 2007 was [Brown's] continual disruptive behavior." Dkt. # 39, at 5 (citations omitted). Defendants' contention is based solely on the testimony presented at the preliminary injunction hearing. Id. The record does not show the absence of a genuine issue of material fact regarding the reasons Brown was removed from the bus. Brown testified that he did nothing to warrant being removed from the bus. Dkt. # 30, at 10. At the summary judgment phase, a court cannot determine the credibility of the evidence presented or "determine the truth of the matter." Anderson, 477 U.S. at 249. Thus, the preliminary injunction hearing record does not conclusively establish that Brown was banned from the bus for a non-discriminatory reason;[4] further, the process by which Brown could have contested that ban was not presented. Therefore, summary judgment in favor of defendants is improper at this time.[5]

C.  Request for Sanctions

Defendants also request sanctions against Brown. Dkt. # 39, at 7. The Court declines to impose sanctions, as the Court has determined that defendants are not entitled to summary judgment.

---

[4]   In its Opinion and Order denying Brown's motion for a preliminary injunction (Dkt. # 25), the Court determined that Brown had not shown a "substantial likelihood of success on the merits" because "[t]he evidence presented at the preliminary injunction hearing tends to show that Brown was banned from MTTA busses for a legitimate, nondiscriminatory reason . . . ." Dkt. # 25, at 10. The Court did not state that the reason for Brown's ban was conclusively established.

[5]   Either party may file a motion for summary judgment after the close of discovery, per the scheduling order (Dkt. # 22)

6

### IV.

Brown requests an extension of the deadline to add parties and/or amend the pleadings in this case. Dkt. # 42. Brown argues that he needs until February 1, 2010 to obtain the names of the bus driver and her supervisor described in the complaint. Id. at 1. Defendants object. Dkt. # 45. For good cause shown, the Court finds that the deadline should be extended, but only for the limited purpose of naming the April 5, 2007 bus driver and her supervisor.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Dkt. # 39) is **denied**.

**IT IS FURTHER ORDERED** that Brown's Application to Extend Deadline to Add Parties and Amend Pleadings (Dkt. # 34) is **moot**, and Brown's Amended Application to Extend Deadline to Add Parties and Amend Pleadings (Dkt. # 42) is **granted**. Brown may amend his complaint (Dkt. # 1) to add the names of Jane and Janet Doe no later than **February 1, 2010**; provided, however, that no other amendments will be permitted and no additional extensions of the deadline will be granted.

**DATED** this 13th day of January, 2010.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT