# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID L. BROWN,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **J.D. EPPLER, RAY WILLARD, JANE DOE,** ) <br> **JANET DOE, METROPOLITAN TULSA** ) <br> **TRANSIT AUTHORITY, PAUL T.** ) <br> **BOUDREAUX, and RICHARDSON** ) <br> **RICHARDSON BOUDREAUX,** ) <br> ) <br> **Defendants.** ) | Case No. 09-CV-0466-CVE-TLW |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for New Trial Pursuant to Rule 59 of Federal Rules of Civil Procedure with Request for a Court Hearing (Dkt. # 212). Plaintiff David L. Brown argues that he was entitled to a jury trial on the issue of damages, and he asks the Court to reconsider it opinion and order (Dkt. # 208) granting his request for a permanent injunction and awarding him nominal damages.¹ Defendant Metropolitan Tulsa Transit Authority (MTTA) responds that it raised the issue of damages in its motion for summary judgment and plaintiff failed to respond to this argument, and plaintiff should not be permitted to raise new arguments in a motion to reconsider. Dkt. # 221, at 3. Plaintiff has not filed a reply and his time to file a reply has expired.

## I.

On July 17, 2009, plaintiff filed this case alleging that his constitutional rights were violated by MTTA's decision to permanently ban him from riding the bus. Dkt. # 1. He alleged that his

---

1   Plaintiff was represented by counsel at various times, including while the case was on appeal, but he is currently proceeding pro se and the Court will take this fact into account in reviewing his motion to reconsider. Dkt. # 185 (plaintiff's pro se appearance).

rights to procedural due process and equal protection of the law were violated by defendants' actions. Id. at 2. Plaintiff requested a preliminary injunction that would allow him to ride the bus, and the Court set the matter for a hearing. After a hearing, the Court denied plaintiff's motion for a preliminary injunction. Dkt. # 25. Defendants filed a motion for summary judgment (Dkt. # 39), and plaintiff sought leave to file an amended complaint (Dkt. # 42). The Court denied defendants' motion for summary judgment and allowed plaintiff to file an amended complaint adding additional parties. Dkt. # 47. The Court entered a scheduling order (Dkt. # 50) and the parties engaged in numerous discovery disputes.[2] Defendants filed a second motion for summary judgment (Dkt. # 94). The Court granted the motion and, as to plaintiff's procedural due process claim, found that he did not have a constitutionally protected liberty or property interest. Dkt. # 136. Plaintiff appealed the Court's decision, and the Tenth Circuit Court of Appeals reversed this Court's ruling on plaintiff's procedural due process claim.

The Court reopened the case and directed the parties to file a joint proposed scheduling order. Dkt. # 175. After the appeal, MTTA was the sole remaining defendant. The parties were unable to cooperate[3] and the Court set the matter for a status hearing. Plaintiff filed a second motion for preliminary injunction (Dkt. # 194), and the motion was converted into a request for a permanent injunction. Dkt. # 196. The Court set a deadline for the parties to file motions for summary judgment, and MTTA filed a motion for summary judgment on plaintiff's procedural due process

---

[2]   The record shows significant hostility between the parties, and there were requests for sanctions by plaintiff and defendants.

[3]   For example, counsel for MTTA refused to communicate with plaintiff after receiving information that plaintiff threatened to shoot an MTTA employee. Dkt. # 185, at 4. Plaintiff denies the allegation, and he claims that the allegation is based on "defense counsel's intense animosity and venom for and against Plaintiff . . . ." Id. at 1.

2

claim. MTTA argued, inter alia, that plaintiff could not recover compensatory damages even if he established that a constitutional violation occurred. Dkt. # 200, at 23-25. After the Court granted plaintiff's opposed request for an extension of time to respond to the motion for summary judgment, plaintiff filed a response requesting an evidentiary hearing on the merits of his procedural due process claim, but he did not respond to MTTA's argument concerning his right to recover compensatory damages. Dkt. # 205. In fact, plaintiff's response was largely non-responsive to all of the arguments raised by MTTA, but he did attach affidavits to his response and the affidavits were considered by the Court when it ruled on the pending motions. On April 24, 2014, the Court entered an opinion and order (Dkt. # 208) and permanent injunction (Dkt. # 209) granting the relief sought in plaintiff's motion for permanent injunction. The Court also awarded plaintiff nominal damages, but the Court found no evidence in the summary judgment record that would support an award of compensatory damages to plaintiff. Dkt. # 208, at 12.

## II.

Under Rule 59(e), a party may ask a district court to reconsider a summary judgment ruling when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266,

3

1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

**III.**

Plaintiff claims that the Court violated his rights under the Seventh Amendment to the United States Constitution, because the Court awarded plaintiff only nominal damages without setting a jury trial on the issue of damages. Dkt. # 212, at 1. He claims that the Court violated the Tenth Circuit's mandate by determining a remedy without holding a jury trial.[4] Id. at 2. He also claims that the factual findings in the Court's opinion and order (Dkt. # 208) are "clearly erroneous and without basis." Id. at 3. MTTA responds that it raised the issue of damages in its motion for summary judgment and plaintiff failed to respond to this argument, and plaintiff should not be permitted to use a motion to reconsider to assert new arguments that plaintiff could have raised in his response to MTTA's motion for summary judgment. Dkt. # 221, at 2.

Plaintiff admits that he failed to respond to defendant's argument that there was no evidence showing that plaintiff was entitled to compensatory damages, but he claims that he "did not waive any right to a claim for compensatory damages by failing to reply to defendants [sic] meritless contentions in said defendants [sic] attorneys meritless brief." Dkt. # 212, at 4. Even though

---

[4] The Tenth Circuit remanded the case "for further proceedings not inconsistent with the opinion," but it did not direct the Court to hold a jury trial on any issue. Dkt. # 174, at 18. At the status hearing, the parties agreed to file motions for summary judgment on plaintiff's procedural due process claim. Dkt. # 196. Plaintiff does not explain how the Court allegedly violated the Tenth Circuit's mandate, and the Court finds that plaintiff's argument concerning the mandate rule is meritless.

4

plaintiff did not respond to MTTA's argument, the Court did not find that plaintiff conceded the issue of damages and the Court considered the evidence in the summary judgment record to determine if plaintiff could be entitled to damages. Dkt. # 208, at 12. The only evidence that could have supported an award of compensatory damages was plaintiff's deposition testimony, but the Court stated that it would be "speculating if it awarded compensatory damages to plaintiff based only on his somewhat vague deposition testimony." Id. Plaintiff has attached no new evidence to his motion to reconsider and there is no evidence in the record that would support an award of compensatory damages to plaintiff. The Court takes into account that plaintiff is proceeding pro se but, even so, this does not excuse plaintiff's failure to respond to MTTA's arguments or to properly support his response to MTTA's motion for summary judgment with evidentiary materials. See Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[The] liberal treatment [of pro se litigants] is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rule of procedure that govern other litigants'"). The Court finds no basis to reconsider its earlier decision to award plaintiff nominal damages only, and plaintiff's motion to reconsider should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for New Trial Pursuant to Rule 59 of Federal Rules of Civil Procedure with Request for a Court Hearing (Dkt. # 212) is **denied**.

**DATED** this 13th day of June, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE