# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID L. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CV-0466-CVE-TLW |
| | ) |
| METROPOLITAN TULSA | ) |
| TRANSIT AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes on for consideration of plaintiff's Motion to Vacate Judgment pursuant to Rule 60 of Federal Rules of Civil Procedure (Dkt. # 235) and the Notice by Plaintiff of Return to Court of Check Sent by Defendants as Alleged Payment of Judgment (Dkt. # 237). Plaintiff asks the Court to reconsider its final judgment and permanent injunction (Dkt. # 209) directing defendant Metropolitan Tulsa Transit Authority (MTTA) to hold a due process hearing, and he argues that the Court, rather than MTTA, is required to hold the hearing and rule on the merits of his arguments concerning his right to ride the bus. Dkt. # 235. He has also visited the Court Clerk's office and left $4 in cash and a $1 check from MTTA with the Court Clerk, and he asks the Court to take notice that he has rejected MTTA's attempt to satisfy the judgment. Dkt. # 237.

On April 24, 2014, the Court entered an opinion and order (Dkt. # 208) and final judgment and permanent injunction (Dkt. # 209) in favor of plaintiff. The Court awarded plaintiff nominal damages of $1 and ordered MTTA to hold a due process hearing concerning plaintiff's permanent ban from MTTA busses. MTTA has complied with the final judgment and permanent injunction, and the Court has entered an order (Dkt. # 234) finding that the final judgment and permanent

injunction (Dkt. # 209) is satisfied.[1] Plaintiff has filed several motions challenging the Court's decision to order MTTA to hold a due process hearing, and he claims that the due process hearing should be conducted as a court hearing. Dkt. # 212, at 3; Dkt. # 214, at 1-2; Dkt. # 218, at 1-2; Dkt. # 230, at 2-3. The Court has advised plaintiff that the due process hearing is an administrative hearing conducted by MTTA and that it is not a court hearing, and the Court has rejected plaintiff's requests for judicial involvement in the due process hearing. Dkt. # 220, at 2; Dkt. # 228, at 1. Plaintiff has filed a notice of appeal (Dkt. # 216) of the final judgment and permanent injunction.

On June 17, 2014, plaintiff came to the Court Clerk's office and asked to make a payment of two dollars. The Court Clerk accepted the two dollars. Plaintiff returned to the Court Clerk's office later on the same day, and he again asked to pay two dollars. The Court Clerk attempted to return plaintiff's money but he left without accepting return of the money. Plaintiff also left his $1 check from MTTA at the Court Clerk's office, and he claims that the case is stayed due to his rejection of the check and his filing of a notice of appeal. Dkt. # 237.

Rule 60(b) states that a court may relieve a party or its legal representative from a final judgment or order due to:

(1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] At the due process hearing, plaintiff brought a witness named Samuel Hill to testify on his behalf. Dkt. # 233-5, at 2. Plaintiff previously filed a lawsuit against Tulsa Police Department officers alleging that he was falsely arrested after an altercation with Hill, and he claimed that he acted in self-defense when he beat Hill with a tree limb. Leslie Brown, Jr. v. James Cole et al., 12-CV-577-CVE-PJC (N.D. Okla.). Plaintiff claimed that Hill had previously been arrested for assaulting a security guard at an MTTA bus station, public intoxication, and trespassing, and plaintiff claimed that police violated his constitutional rights by accepting Hill's statements as evidence that plaintiff had committed a crime. Leslie Brown, Jr. v. James Cole et al., 12-CV-577-CVE-PJC, Dkt. # 21, at 4 (N.D. Okla. March 21, 2013) The Court found that the defendants had qualified immunity from suit, and this decision was affirmed by the Tenth Circuit Court of Appeals.

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Plaintiff's motions fall under Rule 60(b)(6). Fed. R. Civ. P. 60(b) "'is an extraordinary procedure' which 'seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts.'" Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005) (citations omitted) (emphasis in original). The decision to grant relief under Rule 60(b) is discretionary, and plaintiff has the burden to show that exceptional circumstances exist that require the Court to amend or vacate a final judgment or order. Servants of Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000).

Plaintiff again challenges the Court's opinion and order granting his motion for a permanent injunction and he claims that the Court, not MTTA, was required to hold a due process hearing. The Court has previously rejected plaintiff's arguments on this issue, and plaintiff has cited no new evidence or legal authority that would require reconsideration of the Court's prior decisions. The Court declines to reconsider its final judgment and permanent injunction based on plaintiff's arguments that have previously been considered and rejected by this Court. The Court will also direct the Court Clerk to return to plaintiff the cash and check left at the Court Clerk's office. The

Court Clerk has advised the undersigned that plaintiff has no outstanding court costs, and the $1 check was issued by MTTA, not the Court. Plaintiff is warned that any future pleadings raising arguments that have previously been rejected by the Court will be considered frivolous, and such filings could subject plaintiff to sanctions and/or filing restrictions.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Vacate Judgment pursuant to Rule 60 of Federal Rules of Civil Procedure (Dkt. # 235) is **denied**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to return to plaintiff by mail the $4 in cash and the $1 check left at the Court Clerk's office on June 17, 2014.

**DATED** this 18th day of June, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE